Loren S. Scott, OSB #024502
lscott@scott-law-group.com
SCOTT LAW GROUP LLP
PO Box 70422
Springfield, OR 97475
Telephone: 541-868-8005
Facsimile:  541-868-8004
Of Attorneys for Debtors in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Gary Andrew Crossan<br>Staci Lynn Crossan<br><br>Debtors in Possession. | Case No. 26−60375−pcm12<br><br>**APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN POSSESSION (The Scott Law Group)** |

Gary Crossan and Staci Crossan, the debtors in possession herein **(DIPa)**, apply for entry of an order pursuant to 11 USC §§ 327 and 1107 and LBR 2014-1 authorizing the DIPs to employ Scott Law Group LLP as counsel for the DIPs.  In support of this application, the DIPs respectfully represent:

1.      This court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. This is a core proceeding under 28 USC § 157(b)(2).  Venue of these proceedings and this application are proper under 28 USC §§ 1408 and 1409.

2.      The DIPs filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code on February 17, 2026.

3.      The DIPs are not sufficiently familiar with their rights and duties in this case to be able to represent themselves without the aid of competent legal counsel.

4.      The DIPs wish to employ the law firm of The Scott Law Group, PO Box 70422, Springfield, OR, 97475, and particularly Loren S. Scott, as its attorneys of record.

5.      The DIPs have selected SLG as their attorneys based on its reputation and experience in bankruptcy cases.  SLG does not hold or represent an interest adverse to the estate



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

nor is it an interested person within the meaning of § 327(a) of the Bankruptcy Code. To the best of the DIPs knowledge, SLG has no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as provided in the Rule 2014 Statement filed herewith.

6.      The DIPs have engaged the services of SLG subject to the approval of this Court. The services SLG will render on behalf of the DIPs include all legal services regularly and customarily required by a debtor in possession including representation in such adversary proceedings as may be commenced in this case, or such other proceedings as may be necessary and proper in other forums. Compensation of the attorneys shall be set upon application, notice and hearing, if one is necessary, in accordance with local court procedures.

7.      The DIPs believes that the employment of SLG would be in the best interest of the bankruptcy estate.

8.      This application is supported by the declaration of Loren S. Scott attached hereto.

9.      A proposed order is attached hereto as **Exhibit 1**.

WHEREFORE, the DIPs request the court enter an order authorizing the employment of Scott Law Group LLP as its attorneys effective the date of the filing of this Application.

DATED this 3rd day of March, 2026.


/s/ Gary Crossan
Gary Crossan


/s/ Staci Crossan
Staci Crossan



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re:

Gary Andrew Crossan
Staci Lynn Crossan,

Debtors in Possession.

Case No. 26–60375–pcm12

**ORDER FOR EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN POSSESSION (THE SCOTT LAW GROUP)**

This matter came before the court on March 3, 2026, on the DIPs' Application for Employment of Attorneys for Debtors in Possession (The Scott Law Group) (the "Motion") (**Doc. No. __**).

The court, having reviewed the application, the declaration of Loren S. Scott, and the court file, and the notice period having expired and no written objections having been filed, and now being otherwise fully advised,



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

**Exhibit 1 - Page 1 of 2**

IT IS HEREBY ORDERED that the DIPs' Application for the Employment of Attorneys for the Debtors in Possession is hereby approved.

IT IS FURTHER ORDERED that compensation of said professional shall be subject to court review and compliance with the court's local procedures.

# # #

Proponent certifies compliance with LBR 9021-1(a)(2)(A) as a copy of the proposed order was circulated with the motion.

Presented by:

SCOTT LAW GROUP LLP

By: _____
        Loren S. Scott, OSB #024502
        lscott@scott-law-group.com
        PO Box 70422
        Springfield, OR 97475
        Telephone: (541) 868-8005
        Facsimile: (541) 868-8004
        Of Attorneys for Debtors


**C:  Manual Notice List**

*None.*

**Electronic Notice List:**

| | |
|---|---|
| Virginia Andrews Burdette | vab@andrewsburdette.com, ta@andrewsburdette.com; waseecf@trustee13.com |
| JUSTIN D LEONARD | Justin.Leonard@doj.oregon.gov, OR_DOJ_ECFNotices@doj.oregon.gov |
| LOREN S SCOTT | ecf@scott-law-group.com |
| US Trustee, Eugene | USTPRegion18.EG.ECF@usdoj.gov |



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

Loren S. Scott, OSB #024502
lscott@scott-law-group.com
SCOTT LAW GROUP LLP
PO Box 70422
Springfield, OR 97475
Telephone: 541-868-8005
Facsimile: 541-868-8004
Of Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Gary Andrew Crossan<br>Staci Lynn Crossan<br><br>                Debtors in Possession. | Case No. 26−60375−pcm12<br><br>**DECLARATION OF LOREN S. SCOTT IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTORS IN POSSESSION (The Scott Law Group)** |

I, Loren S. Scott, under penalty of perjury state as follows:

1.      I am an attorney duly admitted to practice in the state of Oregon and in this Court. I am a partner in the law firm Scott Law Group, LLP **("SLG")**.  I am familiar with SLG's financial status.

2.      I certify that I have read 11 U.S.C. §101(14) and §327, and Bankruptcy Rule 2014(a), and SLG does not hold nor represent an interest adverse to the estate.  SLG has no connection with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as provided in the Rule 2014 Statement filed concurrently herewith.

3.      The Debtors paid SLG a total of $0.00 in the year prior to the petition date.

4.      If ordered by this Court, SLG would be able to disgorge fees which this court may find it has been overpaid.

5.      The debtors' fee arrangement with SLG is set forth in **Exhibit A** attached hereto.



6.       SLG's standard hourly rates are set forth in the SLG billing policy statement included with **Exhibit A**.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA.**

DATED this 3rd day of March, 2026.


By:      /s/ Loren S. Scott_____
         Loren S. Scott, OSB #024502



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com



**Loren S. Scott**
lscott@scott-law-group.com

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

March 3, 2026

Gary and Staci Crossan
29930 Bartels Creek Dr.
Lebanon, OR 97355

Re:    *Engagement of The Scott Law Group for Chapter 12 Bankruptcy*

Dear Gary and Staci:

This will confirm you have retained us to represent you on the terms and conditions set forth below and in the following documents: Terms of Legal Representation, Additional Terms of Engagement for Chapter 11 and Chapter 12 Cases, and the Billing Policy. These as well as additional documents containing important general information about your matter are enclosed or attached to this letter. The scope of our engagement and our work will be to represent you with regard to a Chapter 12 bankruptcy case.

The Scott Law Group is dedicated to providing thorough analysis and frank advice to businesses, business owners, and professionals facing financial troubles or individuals involved in appeals. We strive to find realistic and cost-effective solutions to tough problems. Our offices are committed to modern technology. We are a "paperless" office and maintain electronic files. Thus, any of us can view or access your file at any time, even if something comes up after our normal business hours. It is our policy to provide copies of correspondence and documents related to client matters to clients by e-mail. If you would like to receive items by a different method, let us know.

Our firm is committed to providing cost-effective representation. We tailor our advice to our client's situation. Where appropriate, we strive to provide realistic estimates of costs and expenses and to check in about fees and costs each step of the way. We practice as a team so that tasks can be allocated to the member of the firm most capable and most cost-efficient to provide the service required.

The decision to undertake this venture is a joint one. The law firm went through a process of "due diligence" in deciding to represent you in a Chapter 12 case. The path to completion of a plan of reorganization may be quite simple or quite complex. The law limits the source of our compensation to the bankruptcy estate.

Please carefully review this letter and the enclosed documents, which, together, comprise our agreement with you. If you have questions about any of the terms in this letter or the attached documents, please contact me immediately. It is important to me that we start off with a clear understanding of the terms of our representation of you.

**Exhibit A - Page 1 of 11**

If you agree to the terms set forth in this letter and the attached documents, please sign below and return a copy of this letter to me by e-mail.

We look forward to working with you. If you have questions or concerns about your matter or our firm policies, please do not hesitate to contact me anytime.

Very truly yours,

Loren S. Scott

LSS

Enclosures:    Terms of Legal Representation, Additional Terms of Engagement for Chapter 11 and Chapter 12 Cases, Billing Policy, Firm Résumé, Privacy Policy, Common Insolvency and Bankruptcy Issues

**APPROVED AND AGREED TO:**

Gary Crossan (Mar 3, 2026 16:53:59 PST)

Gary Crossan

Date: Mar 3, 2026

Staci Lynn Crossan (Mar 3, 2026 17:02:23 PST)

Staci Crossan

Date: Mar 3, 2026

Gary Crossan



PO Box 70422
Springfield, OR 97475

Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

## Terms of Engagement for Legal Services

### The Scope of our Work

You should have a clear understanding of the legal services we will provide.  The scope of our representation is set out in our engagement letter. Please let us know if your understanding of the scope of our engagement is different.  It is our policy that the attorney-client relationship will be considered terminated when we have completed any services that you have retained us to perform. If you then wish to retain us to perform additional services, our attorney-client relationship may be revived by mutual agreement subject to these terms of engagement, as they may be supplemented or modified at that time.  We will act on your behalf to the best of our ability. Any expressions on our part concerning the potential outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Our opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

### Who Will Provide the Legal Services

In order to provide you both cost-effective and high quality representation, your attorney may ask other attorneys or law clerks in our firm to perform work on your matter.  Our attorneys also rely heavily on the assistance of our qualified staff and you should expect to be working closely with the attorney's paralegal or legal assistant.  Your attorney should provide you the name of his or her legal assistant and inform you when other firm employees may be contacting you or doing work on your matter.  If you have questions or concerns about who is working on your file at any time, please do not hesitate to contact us.

### How Fees Will Be Set

The exact fee arrangement for your matter is set out in your engagement letter. Typically, our firm charges for work on an hourly basis. We will keep accurate records of the time we devote to your work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on your behalf, and other related matters.

A firm résumé and our billing policy statement are attached for your reference.  Our attorney fees will be based on the standard hourly rates charged by attorneys in the firm during the course of your case.  These hourly rates are adjusted annually, usually in December, to reflect current levels of legal experience, changes in overhead costs and other factors, and any revised rates will apply to your matter if it is still being handled by us as of the date the new rates become effective. We will provide you at least 30 days' prior written notice before charging you the new rates.  Our minimum billing unit is .1 hour regardless of the actual time spent.

For certain well defined services, we may quote a flat fee. We do not accept representation on a flat fee basis except in such defined-service areas or in accordance with a special arrangement tailored to the needs of a particular client. In all such situations, the flat fee arrangement will be expressed in a letter, setting forth both the amount of the fee and the scope of the services to be provided.

## Expenses

We typically incur and pay on behalf of our clients a variety of expenses arising in connection with legal services. These include charges made by both outside vendors as well as expenses incurred by us in-house. Such expenses include, but are not necessarily limited to, such things as filing fees, witness fees (including expert witnesses), depositions, transcripts, reporter fees, costs of reports, fees for service of process, messenger, courier, and express delivery charges, expenses incurred in connection with printing and document reproduction, travel expenses, and charges made by outside experts and consultants, including accountants, appraisers, and other legal counsel (unless arrangements for direct billing have been made). We may ask that you send deposits to cover these expenses ahead of time.  We may also advance those costs to you, in which case we incur outside costs as agents for our clients and incur internal expenses on behalf of our clients.  Clients are expected to pay these costs, which will be reflected on monthly invoices for our services.

## Conflicts of Interest

It is our policy that the person or entity we represent is the person or entity identified in our engagement letter and does not include any affiliates of such person or entity. For example, if you are a corporation or partnership, we are not in this engagement representing any parents, subsidiaries, employees, officers, directors, shareholders or partners of the corporation or partnership, or any commonly-owned corporations or partnerships. Thus, for conflict of interest purposes, we may represent another client with interests adverse to any such affiliate without obtaining your consent.

## Retainer and Trust Deposits

Most clients of the firm are commonly asked to deposit a retainer with the firm. You grant the firm a security interest in the retainer for fees and expenses incurred by the firm on your behalf. When such fees and expenses are incurred, the firm may immediately credit such amount against your retainer. You will be billed on a regular basis the amount of such fees and expenses. You must pay such amount to replenish your retainer unless another treatment or handling of your retainer is set forth in your engagement letter. At the conclusion of our legal representation or at such time as a retainer is unnecessary, the remaining balance, if any, will be returned to you.

Deposits received to cover specific items will be disbursed as provided in our agreement with you and you will be notified from time to time of the amounts applied or withdrawn. Any amount remaining after such disbursements will be returned to you. All trust deposits we receive from you, including retainers, will be placed in a trust account for your benefit. By court rule your deposit will be placed in a pooled account if it is not expected to earn a net return, taking into consideration the size and anticipated duration of the deposit and the transaction costs. Other trust deposits will also be placed in the pooled account unless you request a segregated retainer account. By court rule in each of these jurisdictions, interest earned on the pooled account is payable to a charitable foundation established in accordance with such court rule. Interest earned on any segregated trust account is added to the deposit for the client's benefit and will be considered taxable income.

## Document Retention

All documents we receive from you or others relating to your case are saved as electronic "files". (I use the term "file" to describe an individual electronic document, rather than as a traditional reference to a collection of all documents related to our work for you.) During our representation of you, we will provide copies of all "files" maintained in our records concerning the matter in an electronic format you should be able to review on your computer. If you do not receive documents by e-mail, we will mail or fax those documents. If you ask for any collection of documents which we maintain electronically, the electronic files will be provided without cost. In order to read the files, access to a variety of programs, including Acrobat Reader, Microsoft Word, Microsoft Excel, and WordPerfect, may be required. We cannot provide the software you may need to review all of the documents. Therefore, we will provide paper copies of those documents at a modest charge.

## Use of E-Mail

We regularly communicate with clients by e-mail to ensure efficient and timely consideration of matters related to the representation. There is some risk that e-mail, like other forms of communication, may not be kept confidential. One risk is the remote possibility that an e-mail message may be deliberately intercepted by a third party as it is traveling on the internet. You should also be aware that e-mail may be available to third parties, including network administrators, who have access to your computer terminal, as well as to other individuals who have or obtain access to your computer's storage memory or your internet e-mail account. Although we believe use of e-mail poses no greater risk of interception than use of more traditional methods like mail, telephone and fax, if you do not authorize us to use e-mail to discuss our representation, including confidential matters relating to that representation, please advise us immediately. If you do not so advise us, we will assume that you authorize us to use e- mail to communicate with you about all matters.

Oregon law is unclear on whether use of a work email address account or a work computer or other employer-provided system constitutes a waiver of attorney-client privilege in the email communications. Some courts in other jurisdictions have held that privilege is waived in such situations. Thus, there is a risk that using a work email address or even using a work computer or any system provided to you by an employer could result in your loss of privilege in communications to us. Unless and until the law is clarified in Oregon, we strongly recommend you do not use a work email address or an employer's computer or systems to communicate with us. If you have questions regarding this issue and the current state of Oregon law, please don't hesitate to let us know.

## Termination or Withdrawal from Representation

You may terminate our representation at any time, with or without cause, by notifying us. Your termination of our services will not affect your responsibility for payment of legal services rendered, and out-of-pocket costs incurred, both before termination and in connection with an orderly transition of the matter.

We are subject to the Rules of Professional Responsibility for the Oregon State Bar, which list several types of conduct or circumstances that require or allow us to withdraw from representing a client, including, for example: nonpayment of fees or costs, misrepresentation or failure to disclose material facts, and conflict of interest with another client. We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal. If withdrawal ever becomes necessary, we immediately give the client written notice of our intention to withdraw. If your attorney has appeared on your behalf in any court, the attorney

is required to obtain the court's approval to withdraw.  If the court does not grant such approval, you will remain responsible for payment of our firm's fees for the continued representation.

## Billing Arrangements and Terms of Payment; Attorney Fees for Collection of Delinquent Accounts

We will bill you on a regular basis, normally each month, for both fees and expenses. You agree to make payment within 30 days of receiving our statement.  Should you have questions or concerns about your account anytime, please contact me immediately.  We will not charge you for discussions about your account.  Unpaid fees and disbursements will accrue a late payment charge at the maximum rate permitted by state law (non-compounded, but not exceeding 1% per month from the beginning of the month in which they became overdue). We will give you prompt notice if your account becomes delinquent, and you agree to bring the account or the retainer deposit current. If the delinquency continues and you do not arrange satisfactory payment terms, we may withdraw from the representation to the extent permitted by any applicable ethical rules and pursue collection of your account. You agree to pay the costs of collecting the debt, including court costs, filing fees and a reasonable attorney's fee for any lawsuit or other proceeding (such as arbitration or mediation) and any appeal thereof.

## Communication

All matters of policy regarding this matter will be decided jointly, and neither you nor the firm will act without advice to the other.  Good communication is essential to the attorney-client relationship.  You have agreed to keep us informed of your current address and telephone number at all times, and to appear at depositions, hearings, trials, or examinations when notified by us.  In the event you fail to appear at any court hearing or trial, we are authorized to exercise our discretion to proceed in any manner we see fit, including withdrawing as your attorneys.



Loren Scott
lscott@scott-law-group.com

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com

### Additional Terms of Engagement for Chapter 11 and Chapter 12 Bankruptcy Cases

An unfortunate by-product of the Bankruptcy Code is confusion about the identity of our client and responsibility for payment of attorney fees. We are required to make a detailed disclosure about the process for paying legal fees. Below is an attempt to simplify and explain an extremely complex set of rules concerning payment of our fees:

### Who is the Client?

When you seek reorganization under the Bankruptcy Code, a "bankruptcy estate" is created by operation of law. Functionally, that bankruptcy estate is a legal entity, like a corporation is a legal entity.

The "representative" of a bankruptcy estate is either a "trustee" or a debtor in possession (commonly called the DIP). At the outset, the DIP is the representative of the estate. Upon application and a showing of cause, the court may replace the DIP with a trustee. The DIP's powers and duties are very much like the duties of the directors and officers of a corporation. The primary difference is the supervision of the court and the rules of governance. Rather than looking at the corporate statutes and the bylaws, one looks to the United States Bankruptcy Code.

### Conflicts of Interest / Duty of Loyalty

The lawyer's duty of loyalty runs to the bankruptcy estate not the debtor. This is where the confusion arises. The law firm does not represent the debtor. (Outside of bankruptcy, this compares to representing a corporation. The attorney represents the corporation, not management.) On infrequent occasions, the attorney for the estate discovers that a person acting on behalf of the estate has done something grossly improper, say stealing from the estate. The attorney must advise the court of the impropriety. Remember, the inanimate bankruptcy estate, not the warm body, is the attorney's client.

As legal counsel to the bankruptcy estate, our duty of loyalty runs to it. To assure that our loyalty is not misplaced, only the bankruptcy estate will pay us after the case is filed. In an anomaly that Congress can only explain, confirming a plan of reorganization is not possible unless professionals are paid or have accepted a plan for payment after confirmation. DIPs that have not created reserves to pay professionals may find themselves unable to emerge from bankruptcy supervision.

**Exhibit A - Page 8 of 11**

**Payment Provisions – Fees and Expenses**

We will only be paid upon application and approval by the court. In order to assure payment of fees when approved, we may require a combination of a pre-petition deposit of funds and deposits to our trust account on a monthly basis. The amount to be deposited will be determined by a budget that will be adopted shortly before or after the case is filed.

As explained above, the law limits the source of our compensation from the bankruptcy estate. We must assure ourselves that we will protect or create sufficient value to both justify and protect our recovery.

Before we undertake this representation, we will require the retainer outlined in the Engagement Letter. The deposit will be, unless otherwise agreed, administered as described in the Terms of Engagement for Legal Services. Immediately before the case begins, we will withdraw an amount equal to the sum of all of our time and expenses accrued before the petition is filed. Any balance will be held in trust to secure payment of post-petition fees upon approval by the court. In addition to the retainer described above, we may require monthly deposits that will be agreed upon in an operating budget developed as the case progresses. These payments will be held in trust until such time as the bankruptcy court approves the payment of our fees.

Before filing a Chapter 11 case, the handling of expenses may be as described in our Terms of Legal Representation. However, after the Chapter 11 bankruptcy case is filed for you, you will be required to pay most of these fees and expenses directly rather than having us advance the funds. The complexity and delay caused by the bankruptcy fee approval process discourages any other approach.

**Bankruptcy Limitations on Termination of Representation**

After filing bankruptcy, the rules regarding termination of our representation will change. When we are employed by the bankruptcy estate, we serve under the supervision of the court. If you decide to discharge us, the court must approve the discharge and approve substitute counsel. A DIP has never discharged us. I cannot imagine a situation in which we might resist discharge. In a few cases, however, the court has required that we continue to represent the estate after differences have arisen between attorney and client.

**Likelihood of Success of Bankruptcy Case**

Predicting the prospects of success in any Chapter 11 or Chapter 12 case is difficult. A few comments, however, are in order:

      1.     When a person files a petition under Chapter 11 or Chapter 12, its assets vest in what is called a "bankruptcy estate." As a matter of law, the person no longer owns its assets. In Chapter 11 and Chapter 12 cases, however, the DIP serves as the trustee so long as the court

does not order otherwise.  This is a fundamental principle of bankruptcy law.  Although you may not sense a change, the change is dramatic.  Your fiduciary duties run to the bankruptcy estate which must be maximized for the payment of creditors.

2.    An important provision of Chapter 11 is referred to as the "rule of absolute priority."  This complex rule can be reduced to: a plan of reorganization must provide for repayment of all creditors, in full, before the equity holders can retain any interest in the debtor.  Without agreement of creditors who will not be paid in full, existing members cannot retain their interests.  As a result, we will assume that any plan of reorganization must pay creditors in full over some period of time. This provision does not exist in Chapter 12 cases or cases under Subchapter V of Chapter 11.

3.    We advise all clients to be aware of difficulties caused by a failure to realize the nature of the firm's representation.  The firm will represent the "debtor in possession," a fiduciary representing the bankruptcy estate.  The United States Supreme Court has ruled that the law firm's attorney-client privilege is with the bankruptcy estate, not the debtor.  If, for example, the court causes a trustee to be appointed, the law firm's attorney-client relationship is with the trustee, not the debtor.  Simply put, the trustee has access to all of our records and files.

## Estimate of Cost of Chapter 11 or 12 Case

Many clients have asked us to estimate the cost of pursuing a Chapter 11 or Chapter 12 case.  There are too many variables to predict cost accurately.  The attitude of your creditors will drive much of the cost.  The path to completion of a plan of reorganization may be quite simple or quite complex.  In our experience, fees for reorganization, although based on an hourly rate, have tended to range between two and four percent of the gross asset value.

## Oversight by United States Trustee's Office / Chapter 12 Trustee / Subchapter V Trustee

The Office of the United States Trustee is a division of the U.S. Department of Justice.  This entity is charged with, among other things, general oversight of bankruptcy cases.  They are particularly active in Chapter 11.  In Chapter 12 cases, the United States Trustee's Office appoints a Chapter 12 Trustee.  In Subchapter V Chapter 11 cases, the United States Trustee's Office appoints a Subchapter V Trustee.  While we will be discussing many of these issues as our case progresses, attached hereto is a copy of the U.S. Trustee's Office Chapter 11 Guidelines or the Chapter 12 Trustee's introductory letter, whichever is appropriate.  These documents outline many of the duties of the DIP and many of the regulations which relate to the oversight by the United States Trustee's Office or Chapter 12 Trustee.  Please review this letter carefully and let us know if you have any questions.



## BILLING POLICY

### (Effective 1-26-2026)

| | | |
|---|---|---|
| Hourly Rates: | Loren S. Scott | $380/hr. |
| | Natalie C. Scott | $340/hr. |
| | Paralegals | $90-160/hr. |
| | Law Clerk | $150-200/hr. |

Hourly rates for attorneys are reviewed annually.  Clients are notified 30 to 60 days prior to any increase in attorney hourly rates.

**Payments:** All checks, money orders, or cashier's checks should be made payable to The Scott Law Group.

**Interest:** After 60 days of non-payment of invoices, interest will accrue on unpaid balances at the rate of 9% per annum (.75% per month).

**Electronic Research:** No separate charge unless subject to an access charge such as for court records or asset and lien searches.  Actual cost of such services are billed to clients.

**Photocopies:** Clients are charged only when large copy projects are undertaken.  In such instances, clients are charged 10 cents per page or, if an outside vendor is used, clients are billed the direct costs.

**Faxes:** No charge.

**Postage:** Clients are charged the direct cost for mailing packages, overnight delivery services and mass mailings required by the bankruptcy court or other courts.  Routine postage is not billed to clients.

**Telephone:**
**(Long Distance)** No charge.

**Travel:** We do charge out-of-pocket travel costs and mileage at the rates permitted by current IRS guidelines.  We bill at half-rate for travel time.

**Personnel:** Except in unusual circumstances which are agreed to in advance by the client, clients are not charged for the services of any person except those listed above.

**Miscellaneous:** Charges by third parties for services such as court reporting services, process servers, and expert witnesses are handled by sending the vendor's invoice directly to the client for payment.  The Scott Law Group cannot advance such costs unless prior arrangement has been made to do so.  Attorneys will make every effort to obtain client authorization to procure such services and incur such charges in advance.

**Privacy Policy:** Our privacy policy notice is attached.

**Taxpayer ID:** Our Taxpayer Identification Number is 45-1999162

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____
Amended

Debtors

**VERIFIED STATEMENT IN SUPPORT OF
EMPLOYMENT APPLICATION**

*Instructions to filer:* This statement must be completed by each person proposed to be employed in a chapter 11 case under 11 U.S.C. § 327, 1103, or 1107. If the application also seeks approval of employment of my firm, this form must be completed and signed on behalf of the firm by the member, associate, or employee of the firm who is expected to be primarily responsible for the engagement. If the firm is a law firm proposed to provide services in the case or an associated adversary proceeding, this form must be completed on behalf of the firm by the attorney of record. Any amended statement must include "Amended" in the title, be complete, and clearly identify changes from the previous filed version. Italicized text below constitutes further instructions.

I, _____, make this statement in support of the application for approval of my employment by [*enter name of proposed employer, for example, name of debtor in possession, trustee, or creditors committee*] _____ (employer). If the application also seeks approval of employment of my firm, I make this statement on behalf of myself, my firm, and each other member, associate, or employee of my firm whom I expect to perform services for the employer in or in connection with this case, and each statement below is on behalf of each of those persons. Otherwise, paragraphs 2.3 and 2.5 below do not apply to this statement.

1. **Disinterestedness**

    1.1.  I am not a creditor of the debtor except:

    1.2.  I am not an equity security holder of the debtor.

    1.3.  I am not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

    1.4.  I do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason.

**2. Insider status**

    2.1. I am not a relative of the individual debtor [*"Relative" means an individual related by affinity or consanguinity within the third degree as determined by the common law or individual in a step or adoptive relationship within that third degree.*]

    2.2. I am not a relative of an individual general partner of the debtor.

    2.3. My firm is not a partnership in which the debtor is a general partner.

    2.4. I am not a general partner of or in the debtor.

    2.5. My firm is not a corporation of which the debtor is a director, officer, or person in control. [*"Corporation" has the meaning in 11 U.S.C. § 101(9) and includes limited liability company but not limited partnership.*]

    2.6. I am not an officer or director of the debtor.

    2.7. I am not a person in control of the debtor.

    2.8. I am not a relative of a general partner, director, officer, or person in control of the debtor.

    2.9. If the debtor is a municipality, I am not an elected official of the debtor or a relative of an elected official of the debtor.

    2.10. I am not a managing agent of the debtor.

**3. Affiliates of the debtor** [*If the debtor has no affiliates, the affiliates list should say "None." In the balance of this statement, "affiliate" means an affiliate on the affiliates list below.*]

    3.1. If I am an attorney proposed for employment as general bankruptcy counsel for the trustee or chapter 11 debtor in possession, the trustee or debtor in possession has with my advice prepared the list below of the debtor's affiliates, as that term is defined in 11 U.S.C. § 101(2), including each affiliate's name and relationship to the debtor.

    3.2. If I am not an attorney described in paragraph 3.1 above, I have obtained from the trustee, chapter 11 debtor in possession, or the general bankruptcy counsel for the trustee or debtor in possession the list below of the debtor's affiliates, prepared in accordance with paragraph 3.1 above.

    3.3. I am not an affiliate or an insider of an affiliate as if such affiliate were the debtor. [*"Insider" includes persons and other entities having a relation to the debtor listed in part 2 above.*]

**4.  Employment by chapter 11 committee**

If I am proposed to be employed by a chapter 11 committee of creditors, equity-security holders, or retirees, I do not represent any other entity having an adverse interest in connection with the case.

**5.  Connections**

I have no business, professional, personal, financial, or other connections with the debtor, affiliates, creditors, any party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee, or the judge except:

**6.  Compensation**

6.1.  If I am an attorney representing the debtor in or in connection with this case, the following are the details of all compensation paid or agreed to be paid to me within one year before the petition date for services rendered or to be rendered in contemplation of or in connection with this case, including payments made to me by either the debtor or a third party for any services rendered to the debtor within one year before filing of the petition:

6.2.  If I am proposed to be employed by the trustee or, in a chapter 11 case, by the debtor in possession or a committee of creditors, equity-security holders, or retirees, I do not represent or hold an interest adverse to the interest of the estate with respect to the matter on which I am proposed to be employed.

If, during this case, any of the above statements ceases to be correct because of events occurring or information that I gain after the petition date, I agree to immediately file an amended statement on this form, include "amended" in the title, and clearly identify any changes.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature of individual proposed to be employed

_____
Printed name of signer

_____
Address (including firm name, if applicable)

_____

_____

## LIST OF AFFILIATES OF THE DEBTOR
*See instructions in paragraph 3 above.*

| Name of Affiliate | Relationship of Affiliate to the Debtor |
|-------------------|------------------------------------------|
|                   |                                          |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2026, the foregoing **APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR IN POSSESSION (THE SCOTT LAW GROUP), DECLARATION OF LOREN SCOTT in support thereof, and RULE 2014 STATEMENT** was served on the following:

☐  Via First Class Mail to:

☐  Via Facsimile to:

☒  **Via ECF Notification to:**

| | |
|---|---|
| Virginia Andrews Burdette | vab@andrewsburdette.com, ta@andrewsburdette.com; waseecf@trustee13.com |
| JUSTIN D LEONARD | Justin.Leonard@doj.oregon.gov, OR_DOJ_ECFNotices@doj.oregon.gov |
| LOREN S SCOTT | ecf@scott-law-group.com |
| US Trustee, Eugene | USTPRegion18.EG.ECF@usdoj.gov |

☐  Via E-mail to:

DATED:  March 3, 2026

/s/ Loren S. Scott
Loren S. Scott, OSB# 024502

**CERTIFICATE OF SERVICE**          Page 1 of 1

SCOTT
LAW GROUP LLP

PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004
www.scott-law-group.com