UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____

**CHAPTER 12 PLAN DATED** _____

Motion to Value Collateral

Secured Claim Amount Limited with Creditor Consent

Debtor(s)

1. The debtor shall pay to the trustee (a) a periodic payment of $ _____ every _____ (insert either month, quarter, six months or year); (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee; (c) upon receipt by the debtor, all net tax refunds attributable to prepetition tax years and net tax refunds attributable to postpetition tax years (i.e., tax refunds not included on Schedule I, less tax paid by debtor for a deficiency shown on any tax return for that same postpetition tax year or tax paid by setoff by a tax agency for a postpetition tax year) received by the debtor during:     The life of the plan, or     36 months from the date the first plan payment is due (*check applicable provision; if neither is checked, "for the life of the plan" applies*); (d) a lump sum payment of $_____ on _____(date); and (e) _____
_____.

2. From the payments so received, the trustee shall make disbursements as follows:
   (a) First, to the trustee's commission and expenses.
   (b) Second, with respect to secured creditors, the terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided for in this plan or the confirmation order. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under § 1228, as appropriate. Any allowed secured claims will be paid as shown below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. If a creditor is not fully secured, the unsecured portion of the creditor's claim shall be treated under the provisions of pt. 2(e) and (f) if the claim identifies the priority portion of the claim, and, if not, under the provisions of pt. 2(f) only. The following also apply:
   (1) To creditors whose claims have been timely filed and allowed as secured, make payments as follows: Estimated prepetition arrearages on property must be shown below, separately, and identified as such if debtor is curing defaults under 11 U.S.C. § 1222(b)(5)). **The arrearages and total amount of debt shown in a timely filed and allowed secured claim shall control**.

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**1200.05 (7/6/2020)**                    Page 1 of 4

If payments to a creditor are to begin after debtor's attorney has been paid, the payments to said attorney shall not exceed $_____ before the creditor is paid. If the debtor is not paying the debt in full, the debtor MOVES the court for an order fixing the value of the collateral as set forth above.

If the collateral is not to be sold, the value of the collateral shall be fixed in the amount stated above for purposes of administration of this plan as well as for purposes of the amount of any secured claim, if under secured, unless objected to at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to this proposed modified plan, in which case the value will be determined by the court. If the collateral is to be sold the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral. Otherwise, the creditor's proof of claim shall control.

(2) Debtor proposes that the creditor(s) specifically identified below agree to the following treatment which the court might not be able to approve absent consent of creditor(s). **Failure of creditor(s) to file a written objection to this plan prior to confirmation shall constitute acceptance of the plan**. From the payments received pursuant to pt. 1, if a claim has been timely filed and allowed as secured, make payments to the following holders of such claims as detailed below. Estimated prepetition arrearages, if curing and reinstating, must be shown below. **The arrearages shown in a timely filed and allowed secured claim shall control.**

| Creditor | Collateral | Estimated Arrearage, if Curing | Collateral Value if Not Paying in Full | Estimated Total Debt if Paying in Full | Terms of Payments | Post-confirmation Interest Rate | Periodic Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

If the collateral is not to be sold, for purposes of administration of this plan and case, the secured claim shall be limited to the value of the collateral stated above, unless creditor(s) objects at or before the first date set for the confirmation hearing on this plan or, if applicable, prior to expiration of time to object to any proposed modified plan, in which case, the values will be determined by the court. If the collateral is to be sold, the value shall be the sales price. The debtor MOVES the court for an order so fixing the value of the collateral.

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for the subject secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid preconfirmation. If the debtor fails to make monthly payments sufficient to pay the adequate protection payments in full, the trustee will disburse available funds pro rata according to the payments proposed for subject secured creditors. Adequate protection payments paid through the trustee preconfirmation will be deducted from the amount of the allowed claim. Unless the concerned secured creditor is fully secured or oversecured, no interest shall be paid from the date of the filing of the petition to the date of

**1200.05 (7/6/2020)**

confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) The debtor shall surrender any collateral which is not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following creditors (state creditor NAME and DESCRIBE collateral to be surrendered):

(c) Third, pro rata, until fully paid, allowed unsecured domestic support obligations.

(d) Fourth, allowed administrative expenses under § 507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in § 507(a)(3)-(10), unless otherwise ordered.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by § 1225(b)(1). These monies will be distributed in the method indicated in the applicable section marked below. The terms of pt. 8 shall also apply.

    (1) The creditors will receive approximately _____% of their claims. This percentage will vary depending on the amount of total creditors' claims filed.

    (2) The creditors will receive a minimum _____% of their claims. This percentage will not be reduced despite the amount of total creditors' claims filed.

(g) Pursuant to § 1225(a)(4), the unsecured creditors as a group will receive _____ 100% _____ a minimum of $_____ (*check applicable provision; if neither is checked, "100%" controls*) plus _____% shall be paid on all timely filed and allowed priority and nonpriority unsecured claims from the date of plan confirmation to compensate for deferred payment.

3. The debtor moves for assumption of the following executory contracts and leases:

    Creditor            Amount of Default [State if None]        Cure Provisions

Those executory contracts or leases not specifically mentioned above are treated as rejected. Any timely filed and allowed claim arising from rejection shall be treated under pt. 2(f). The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are fully secured, the regular payment due postpetition on these claims in accordance with the terms of their respective contracts, list any prepetition arrearages in pt. 2(b), and/or specify any other treatment of such

secured creditor(s) in pt. 2(b):

5.  The property described below is to be sold [also state offering price and whether it will be offered through a broker (and if so, who), and state date by which it will be sold and what will occur if it is not timely sold], all offers received by the debtor shall be promptly communicated to the trustee and lienholders, and no sale of such property shall be completed without notice to lienholders and the trustee and an opportunity for a hearing:

6.  Subject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

7.  Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate shall vest in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan pursuant to 11 U.S.C. § 1227.

8.  [To be completed if plan will not be completed until more than 36 months after the first plan payment due under the originally filed plan.] The scheduled month and year the plan will be completed is _____and the cause for a plan longer than 36 months is: _____. Except as otherwise explicitly provided by pt. _____, the debtor shall make plan payments for the longer of either:  (a) 36 months from the date the first payment is due under the original plan, unless the debtor pays 100% of all claims with interest if required, or (b) the time necessary to complete required payments to creditors.

9.  This plan may be altered postconfirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification, and any interested party who has requested special notice.

10. Except as otherwise provided herein, (a) postpetition interest on all unsecured claims is disallowed, and (b) unsecured claims allowed in the amount of $25 or less, to the extent claims of that class are entitled to a distribution under this plan, shall be paid in the full amount allowed prior to any payments to other unsecured claims of the same class.

_____  _____      _____  _____
Debtor                                                    Date                Debtor                                                    Date

**1200.05 (7/6/2020)**                         Page 4 of 4

**Exhibit A to Plan dated 5/18/2026**

**Income Assumptions**
1. Debtor Staci Crossan shall continue working as a teaching assistant with a monthly take home salary of $2025.
2. Debtor Gary Crossan shall continue running a vehicle maintenance shop and paint shop from the shop located at the primary residence. Receivables from May 2026 work is estimated to be $15,000 and to continue at that amount during the life of the plan.
3. Debtor Gary Crossan shall continue working on the family farm with his son, Kade Crossan, and anticipates a monthly salary of $3,000.

**Section 522 Lien Avoidance.**
1. Debtors move, pursuant to § 522(f)(1), to avoid the judicial liens of the following creditors because they impair the debtors' homestead exemptions:
   a. Valley Agronomics - Judgment for $233,225.55 entered on January 23, 2025 in Linn County Circuit Court, Case No. 24CV04684; and
   b. Nutrien Ag Solutions - Judgment for $268,813.60 entered on May 6, 2025 in Linn County Circuit Court, Case No. 24CV22921. (collectively "Creditors")
2. The judgments automatically attached as liens to the Debtors' property located at 29930 Bartels Creek Dr., Lebanon, OR 97355 (the "Property").
3. The Debtors reside at the Property and claimed an Oregon homestead exemption in the total amount of $308,400 pursuant to O.R.S. 18.395.
4. Debtors believe the fair market value of the Property at the time of the petition was $1,100,000.
5. The property is subject to a senior lien owing to Park Funding II Trust in the amount of $908,894.61.
6. Debtors are entitled to avoid Creditors' liens in full and Creditors are to be paid in Paragraph 2(f) of the Plan.

**In re: Gary and Staci Crossan**
**Hypothetical Chapter 7 Liquidation Anaysis**

Updated: 5/18/26

| Asset Description | Estimated Fair Market Value | Estimated Liquidation Value | Liquidation Costs Other than Trustee Fee | Secured Claims a. Creditor b. Amount | Exemption | Net Available to Estate After Liquidation |
|---|---|---|---|---|---|---|
| 29930 Bartels Creek Drive, Lebanon, OR | $1,100,000.00 | $1,100,000.00 | $77,000.00 | Park Funding II Trust | $308,400.00 | $0.00 |
| | | | | $908,894.61 | | |
| | | | | Valley Agronomics | | |
| | | | | $231,693.00 | | |
| | | | | Nutrien Ag | | |
| | | | | $507,790.83 | | |
| 37921 Ridge Top Drive | $250,000.00 | $250,000.00 | $17,500.00 | Knox, Berkman, and Gallic | $0.00 | $0.00 |
| | | | | $578,586.85 | | |
| 2002 Chevrolet Silverado 2500 | $18,000.00 | $18,000.00 | $2,700.00 | 44 North CU | $10,000.00 | $0.00 |
| | | | | $9,022.22 | | |
| 2015 Dodge Ram | $25,000.00 | $25,000.00 | $3,750.00 | 44 North CU | $10,000.00 | $0.00 |
| | | | | $20,272.68 | | |
| 2006 Ford F-350 | $7,500.00 | $7,500.00 | $1,125.00 | 44 North CU | $0.00 | $0.00 |
| | | | | $9,518.92 | | |
| Household Goods, Furnishing, Appliances | $8,000.00 | $8,000.00 | $4,000.00 | | $3,000.00 | $1,000.00 |
| Electronics | $2,000.00 | $2,000.00 | $1,000.00 | | $2,000.00 | $0.00 |
| Collectibles | $1,500.00 | $1,500.00 | $750.00 | | $1,500.00 | $0.00 |
| Sports and Hobby Equipment | $2,000.00 | $2,000.00 | $1,000.00 | | $800.00 | $200.00 |
| Firearms | $3,000.00 | $3,000.00 | $1,500.00 | | $2,000.00 | $0.00 |
| Clothes | $1,000.00 | $1,000.00 | $500.00 | | $1,000.00 | $0.00 |
| Wedding Rings | $4,000.00 | $4,000.00 | $800.00 | | $2,600.00 | $600.00 |
| Cash | $200.00 | $200.00 | $0.00 | | $200.00 | $0.00 |
| Bank Accounts | $660.41 | $660.41 | $0.00 | | $600.00 | $60.41 |
| Gary Crossan Farms, LLC | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| Retirement Accounts | $18,000.00 | $18,000.00 | $0.00 | | $18,000.00 | $0.00 |
| Claim against Isotex | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |
| Office Equipment | $2,000.00 | $2,000.00 | $1,000.00 | | $2,000.00 | $0.00 |

| | | |
|---|---|---|
| Total from Above | | $1,860.41 |
| Estimated Chapter 12 Professional Claims (after retainers exhausted) | | $20,000.00 |
| Statutory Chapter 7 trustee Fee | | $465.10 |
| Estimated Chapter 12 Other Administrative Claims | | $0.00 |
| Estimated Other Priority Claims | | $160,000.00 |
| **Available to Pay Unsecured Claims** | | **$0.00** |
| Approx Unsecured Claims | | **$1,669,793.32** |
| Percentage in Liquidation | | **0.00%** |

Liquidation Cost:

    Real Estate - 7% Cost of Sale

    Vehicles - 15% Cost of Sale

    Personal Property - 50% Cost of Sale

    Firearms - 20% Cost of Sale

In re Gary Crossan and Staci Crossan
Monthly Budget

| | |
|---|---|
| **Receipts** | |
| Staci Crossan Salary | $2,025.00 |
| Gary Crossan Shop Net Income | $15,000.00 |
| Gary Crossan Farming Salary | $3,000.00 |
| **Total Income** | **$20,025.00** |
| | |
| **Household Expenses** | |
| Utilities | $680.00 |
| Food and Housekeeping Supplies | $600.00 |
| Personal Care, Clothing Etc | $350.00 |
| Medical and Dental Expenses | $250.00 |
| Transportation | $650.00 |
| Entertainment | $300.00 |
| Health Insurance | $367.00 |
| Vehicle Insurance | $180.00 |
| Animal Care | $100.00 |
| Miscellaneous | $250.00 |
| **Total Business Expenses** | **$3,727.00** |
| | |
| **Income Less Household Expenses** | **$16,298.00** |
| | |
| **Bankruptcy Case Expenses** | |
| Direct Payment Park Funding II Trust | $7,816.29 |
| Direct Payment 44 North | $271.00 |
| Direct Payment 44 North | $405.00 |
| Direct Payment 44 North | $287.00 |
| **Total Bankruptcy Case Expenses** | **$8,779.29** |
| | |
| **Net Available for Monthly Plan Payment** | **$7,518.71** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2026, the foregoing **CHAPTER 12 PLAN DATED MAY 18, 2026** was served by depositing in the United States mail at Eugene, Oregon full and complete copies thereof, by first class mail, postage prepaid, as well as by email or fax, addressed to the following:

Knox, Berkman, and Gallic
c/o Alec S. Marlega
800 Willamette Street, Suite 800
Eugene, OR 97401

Selene Finance
9990 Richmond Ave.,
Suite 400 South
Houston, TX 77042

44 North Credit Union
PO Box 265
Lebanon, OR 97355

Nutrien Ag Solutions, Inc.
3005 Rocky Mountain Ave.
Loveland, CO 80538

Park Funding II Trust
c/o Nathan F. Smith
Malcom Cisneros
4 Venture, Suite 395
Irvine, CA 92618

Valley Agronomics, LLC
200 Industrial Way
Mt. Angel, OR 97362

I hereby certify that on May 18, 2026, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF.

| | |
|---|---|
| Virginia Andrews Burdette | vab@andrewsburdette.com, ta@andrewsburdette.com; waseecf@trustee13.com |
| BRADLEY S COPELAND | bcopeland@arnoldgallagher.com, bdavis@arnoldgallagher.com |
| JUSTIN D LEONARD | Justin.Leonard@doj.oregon.gov, OR_DOJ_ECFNotices@doj.oregon.gov |
| ALEC S. MARLEGA | amarlega@arnoldgallagher.com |
| SHEILA R. SCHWAGER | sschwager@hawleytroxell.com, thummel@hawleytroxell.com |
| LOREN S SCOTT | ecf@scott-law-group.com |
| NATHAN FREDERICK JONES SMITH | nathan@mclaw.org, OR_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com |
| PATRICK L STEVENS | pstevens@eugene-law.com, lluttmer@eugenelaw.com, ncheever@eugenelaw.com, aprice@eugenelaw.com |
| US Trustee, Eugene | USTPRegion18.EG.ECF@usdoj.gov |

☐  Via E-mail to:

DATED:  May 18, 2026

/s/ Loren S. Scott
Loren S. Scott, OSB# 024502

**CERTIFICATE OF SERVICE**              Page 1 of 1



PO Box 70422
Springfield, OR 97475
Phone: 541-868-8005
Fax: 541-868-8004

www.scott-law-group.com